UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

    Plaintiff,

v.

JORGE VASQUEZ, et al.,

    Defendants.

Case No. 19-cv-03431-RS

**ORDER DENYING SECOND MOTION FOR ENTRY OF JUDGMENT**

On August 25, 2021, the parties submitted a written stipulation for dismissal of this action, expressly invoking Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Under the rules, such dismissals are without prejudice unless the stipulation "states otherwise." Rule 41(a)(1)(B). Here, the parties expressly stipulated the dismissal was with prejudice. Dkt. No. 34. The effect of the parties' stipulation, therefore, was dismissal of the action with prejudice, and the file was closed.

In October of 2022, plaintiff submitted what was labeled as an "Ex Parte Application for Entry of Stipulated Judgment," asserting that under the terms of the parties' settlement agreement, plaintiff was entitled to judgment in the amount of $7000, in light of defendants' failure to make all required settlement payments. An order thereafter issued denying plaintiff relief, without prejudice to a renewed application showing that defendants had been given notice and an opportunity to file a response. Dkt. No. 36. Plaintiff took no action in response to that order.

Now, more than a year later, plaintiff has filed a second "Ex Parte Application for Entry of

Stipulated Judgment," virtually identical in form to the prior application. While this application shows it was served by mail on the defendants, it does not advise them of their right to file a response, which was a requirement of the prior order.

Even if plaintiff had complied with the prior order, however, its request for entry of judgment would have to be denied for lack of jurisdiction. The prior order erred in suggesting that plaintiff could obtain relief via a properly served renewed motion. As stated above, the parties dismissed this action *with prejudice* back in August of 2021. That the parties may have had a private agreement contemplating entry of judgment upon a payment default does not somehow revive the action or create jurisdiction to resolve what is, at most, a state law breach of contract claim.[1] Plaintiff's "ex parte application" (Dkt. No. 38) is denied.

**IT IS SO ORDERED**.

Dated: February 13, 2025

RICHARD SEEBORG
Chief United States District Judge

---

[1] *See Hajro v. U.S. Citizenship & Immigr. Servs.*, 811 F.3d 1086, 1099 (9th Cir. 2016) ("If a district court wishes to retain jurisdiction to later enforce the terms of a settlement agreement, the order dismissing a case with prejudice must incorporate the terms of the settlement agreement or expressly retain jurisdiction.").